**Marion W. McNEW, Appellant,**

v.

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellee.**

**No. 16713.**

Court of Civil Appeals of Texas.

Fort Worth.

March 11, 1966.

Rehearing Denied April 1, 1966.

Spurlock & Schattman and Kenneth Spell, Fort Worth, for appellant; Rumph, Ivy & Karpenko, and Kenneth Spell, Fort Worth, for appellant in re motion for rehearing.

Garrett & Garrett, and Rufus S. Garrett, Jr., Fort Worth, for appellee.

MASSEY, Chief Justice.

Workmen's compensation case. We will refer to Marion W. McNew, plaintiff below, as the claimant, and to the defendant Hartford Accident and Indemnity Company as the insurer or insurance company.

The judgment from which claimant took an appeal to this Court was a summary judgment granted on motion of the insurance company. The ground therefor, as stated in the motion, read: "The pleadings and depositions on file together with the

attached affidavit show that plaintiff failed to file his claim for compensation until June 25, 1964, and that, as a matter of law, good cause for such delay did not exist up until the time said claim was filed and that there is no genuine issue as to any material fact that this defendant, the moving party, is entitled to a judgment that plaintiff take nothing by his suit against this defendant as a matter of law."

Claimant, in his order for transcript in the case, requested all papers in the cause be included therein. There is no affidavit in the record. It therefore appears that the mention of one in the above quoted paragraph was inadvertent and that an affidavit played no part in the action of the court. There were two depositions on file, and these were brought up. Obviously, the summary judgment was granted on the strength of evidence contained therein.

One deposition is that of Frank Hudak, claims manager for the insurance company. The fact of the existence of delay in the filing of a claim for compensation is not in dispute. Nothing in Mr. Hudak's deposition relates to the cause for this delay. The other deposition is that of the claimant. Nothing in this deposition relates to the cause and occasion for claimant's delay in filing his claim for compensation. In other words there is no question but that there was a delay, but the question of whether good and sufficient cause existed whereby the Industrial Accident Board or the trial court would be warranted in excusing such delay is unresolved.

The pleadings at time summary judgment was granted were not in condition for a trial on the merits. In particular, though the insurance company had by sworn pleading advanced the defense of claimant's delay in filing his claim, the claimant had never responded by filing pleadings in which he asserted the existence of good cause which would excuse the delay. However, in its motion for summary judgment the insurer asserted that good cause for such delay did not exist as a matter of law. It predicated its right to summary judgment upon this fact and not upon claimant's failure in respect to pleadings.

■ Claimant did not respond to the insurer's motion for summary judgment. He filed nothing. He relied on the failure of the motion to show that the insurer was entitled to judgment as a matter of law. In this case claimant is not thereby prejudiced and the insurer must be treated as having cast the burden upon itself (by the form of its motion) to prove that there was no genuine issue as to whether the claimant had good cause for the delay in filing his claim for compensation. (See the language quoted from the motion.) 45 Tex. Jur.2d 612, "Pleading", § 136, "Affidavits of Parties"; McDonald, Texas Civil Practice, Vol. 4, § 17.26, "Summary Judgments", and § 17.26.5, "— (IV) Determination of Motion on Matters Outside Pleading".

■ The insurer has not discharged its burden on its motion for summary judgment to show that there was, as a matter of law, an absence of good cause for plaintiff's delay in filing claim. It is true that the testimony to be found in the deposition of the claimant would negative some of the usual reasons advanced as good cause for such delay, but the reason plaintiff delayed in filing his claim is nowhere shown. It cannot be said that the evidence which does support the insurer's motion negatives the existence of good cause for the reason (or reasons) for the delay, which claimant might advance on a trial on the merits.

Judgment is reversed and the cause remanded.